IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| TYSHAUN LENARD THOMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:24-cv-482–HEH |
| | ) | |
| JEFFERY ARTRIP, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**
(Denying 28 U.S.C. § 2254 Petition)

Petitioner Tyshaun Lenard Thomas ("Thomas"), a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 7) challenging his convictions in the Circuit Court for James City County/the City of Williamsburg ("Circuit Court") for two (2) counts of use of a firearm in the commission of a felony, one (1) count of malicious wounding, and one (1) count of first-degree murder. Respondent Warden Jeffery Artrip ("Respondent") moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Despite the Court's provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (ECF No. 17), and an extension of time (ECF No. 18), Thomas filed no response. Because Thomas's § 2254 Petition is untimely, the Motion to Dismiss (ECF No. 13) will be granted.

# I. PROCEDURAL HISTORY

## A. Proceedings in State Court

On January 14, 2013, a jury convicted Thomas of two (2) counts of use of a firearm, one (1) count of malicious wounding, and one (1) count of first-degree murder. (ECF No. 15-1, at 1–2.)[1] On March 8, 2013, the Circuit Court sentenced Thomas to a term of imprisonment of life plus twenty-eight (28) years. (ECF No. 15-2, at 2.) On March 26, 2013, Thomas filed a Motion for Reconsideration of Sentence. (ECF No. 15-3, at 1.) On March 29, 2023, the Circuit Court denied the motion. (ECF No. 15-4, at 1.)

Thomas noted an appeal. On January 2, 2014, the Supreme Court of Virginia refused the petition for appeal. (ECF No. 15-6, at 60.) Thomas filed no state post-conviction motions.

## B. § 2254 Petition

On June 18, 2024, Thomas mailed a § 2254 petition to the United States District Court for the Western District of Virginia.[2] (ECF No. 1, at 16.) The Western District subsequently transferred the matter to this Court. (ECF No. 3.) Thereafter, this Court directed Thomas to complete and return the standardized form for filing a 28 U.S.C. § 2254 petition (ECF No. 6) and Thomas complied with that directive. In his § 2254 Petition, Thomas asserts that he is entitled to relief on the following grounds:

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the punctuation, spelling, and capitalization in the quotations from Thomas's submissions.

[2] The Court deems the petition filed as of that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

Claim One: "Thomas's Motion to Strike the charges of first-degree murder, malicious wounding, and two counts [of] use [of a] firearm [in the] commission of [a] felony. . . . The Commonwealth's evidence failed to exclude the reasonable hypothesis of innocence." (ECF No. 7, at 5.)

Claim Two: "That Thomas was acting in self-defense to repel an imminent assault by a man advancing menacingly towards him who was 6'2" and weighed 270 pound[s]. . . . Virginia law is very clear that an accused may successfully claim self-defense when he was not actually in danger." (*Id.* at 7.)

Claim Three: "Thomas had not acted with premeditation and malice aforethought . . . . At common law, a homicide is not murder unless done with malice. Malice aforethought is the grand criterion which distinguishes murder from other killings. The test of murder is malice. Every malicious killing is murder either in the first or second-degree. The former if deliberate and premeditated, and the latter if not. (*Id.* at 8.)

## II.  STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right

>   has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

Thomas's judgment became final for the purposes of the AEDPA on Wednesday, April 2, 2014, when the time for filing a petition for a writ of certiorari with the Supreme Court of the United States expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." 28 U.S.C. § 2244(d)(1)(A)); Sup. Ct. R. 13(1). Therefore, Thomas had until Thursday, April 2, 2015, to file his § 2254 petition in federal court. Because Thomas did not file his § 2254 Petition until June 18, 2024, the one-year statute of limitations bars his § 2254 Petition unless he can demonstrate entitlement to a belated commencement of the limitations period under 28 U.S.C. § 2244(d)(1)(B)–(D) or that some equitable exception allows him to avoid the statute of limitations.

### B. Thomas's Arguments for Timeliness

Under the section "TIMELINESS OF PETITION," Thomas argues as follows:

4

> Petitioner is a layman and unskilled in the knowledge of law. As well, Petitioner is housed in a Level 5 institution where any and all legal material must be ordered. There is no legal library where inmates can utilize law books or sit and review case law. Any and all legal material must be ordered. Petitioner truly had a long set-of-back-up to where nobody was working due to COVID-19. The entire prison system shut down and still does when COVID-19 reaches inside the walls either through security, staff, medical staff, kitchen supervisors, and outside visitors.

(ECF No. 7, at 13–14.) Thomas essentially contends that he should be entitled to an equitable tolling of the limitations period.[3] However, the Court need not engage in an extensive analysis of Thomas's arguments because none of these arguments would adequately explain why he filed his § 2254 Petition over ten (10) years too late.

The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

---

[3] Neither Thomas nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2244(d)(1)(B)-(D).

First, contrary to Thomas's suggestion, "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citations omitted). Moreover, as a general rule, "[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." *Allen v. Johnson*, 602 F. Supp. 2d 724, 727–28 (E.D. Va. 2009) (footnote omitted) (quoting *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002)). Nothing in Thomas's vague contentions about the limitations on legal materials amount to an extraordinary circumstance. Thomas also fails to allege specific facts showing that a lack of access to the law library or to legal materials prevented him from timely filing his § 2254 petition over a ten-year period. *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Finally, Thomas was required to file his § 2254 petition by April 2, 2015. Thus, the COVID-19 pandemic which did not begin in earnest until March of 2020, cannot excuse his untimeliness.

Simply put, Thomas "fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." *Id.* Thus, Thomas fails to demonstrate that he is entitled to equitable tolling, and his § 2254 Petition is barred by the statute of limitations.

### III.  CONCLUSION

Accordingly, the Motion to Dismiss (ECF No. 13) will be granted. The § 2254 Petition (ECF No. 7) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Final Order shall issue.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 5, 2025
Richmond, Virginia